# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF NORMAN FRANK, by Its Executor, Harley Frank,<br><br>Plaintiff,<br><br>v.<br><br>GWG DLP MASTER TRUST DATED 03/01/06 and WELLS FARGO BANK, N.A.,<br><br>Defendants. | C.A. No. 23-cv-00584-JLH |

## REPLY RELATING TO PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY

Herbert W. Mondros, Esq. (#3308)
**RIGRODSKY LAW, P.A.**
1007 North Orange St., Suite 453
Wilmington, DE 19801
Tel.: (302) 295-5304
hwm@rl-legal.com

*Counsel for Plaintiff*

Dated: September 23, 2024

0

Defendants make no argument that under the rule espoused in Judge Davis's recent decision in *Estate of Oristano v. Avmont, LLC, et al.*, N23C-04-258-EMD-CCLD (Del. Super. Aug. 20, 2024) ("*Oristano*"), their statute of limitations defense can prevail. Instead, they claim Judge Davis's conclusion was mere dicta. Even were that true, "[i]n predicting how the highest court of the state would resolve the issue. . . [the court] must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand. *Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (citation omitted). While "[o]pinions from inferior. . . courts are not controlling. . . they are entitled to significant weight" in situations like this one.  *West v. Lincoln Benefit Life Co.*, 509 F.3d 160, 164 (3d Cir. 2007). Thus, in predicting whether Delaware courts would recognize a statute of limitations defense for claims under Section 2704(b), Judge Davis's alternative basis for decision in *Oristano* must be given significant weight. The statute of limitations is mentioned 12 times in the 11-page decision. Judge Davis's considered view, following *Estate of Daher v. Wells Fargo Bank, N.A.*, 2023 U.S. Dist. LEXIS 102980 (C.D. Cal. June 13, 2023), is that the three-year statute of limitations that Defendants also invoke here (and address for 8 pages of their opening brief's 12-page argument section) does not apply to claims brought under Section 2704(b). *Oristano*, Op. at 7 ("[T]he Court would determine that the STOLI claim is not subject to 10 Del. C. § 8106[.]").

*Oristano* is directly on point in other ways. In particular, Judge Davis also held the Estate's claim was timely even if a statute of limitations were relevant. Among other things, Judge Davis found that the defendants "were the parties using the legal system to delay the Estate from discovering the proper party." The same applies here. On Feb. 19, 2019, the Policy's $5 million proceeds were paid to Wells Fargo Bank, N.A. ("Wells Fargo") as trustee of GWG DLP Master

Trust. (Compl. ¶ 74). The Estate named Wells Fargo and a GWG entity in a federal lawsuit it commenced in California on Dec. 23, 2021. (*Id.* ¶ 85). The Estate there was actively misled and faced procedural gamesmanship. (*See id.* ¶¶ 85-102). Even if this Court were to ignore Judge Davis and adopt (for the first time) a three-year statute of limitations, the Court should nevertheless find that the Estate's claim to be timely, just like Judge Davis did in *Oristano*. (MOL Opp. MTD at 17-19) (ECF No. 12). The Estate's claim did not accrue until March 6, 2023. (*Id.* at 17-18). This action was commenced on May 18, 2023. Thus, although Defendants rehash arguments from their briefs (ECF No. 26 at 1-2), no matter which statute of limitation Defendants may urge this Court to apply, the Estate's claim is timely. Moreover, the Estate's action is timely under Delaware's savings statute. (MOL Opp. MTD at 18-19). And even if the Court were to find that none of those saved the Estate's claim, equitable tolling would apply. (MOL Opp. MTD at 18).

Defendants' recent effort to shoehorn this case into a constructive trust theory misses the mark. They cite a complaint filed by the Estate's prior counsel in an entirely separate lawsuit under Section 2704(b), *Estate of Barotz v. Martha Barotz 2006-1 Ins. Tr.*, N20C-04-126-EMD-CCLD (Del. Super. Dec. 18, 2023) (Davis, J.). The estate there raised a constructive trust argument—not as a basis for the defendant's liability for the receipt of STOLI proceeds in violation of Section 2704(b)—but because the defendant there (a Delaware trust) transferred its assets to others and dissolved itself *during the pendency of the underlying STOLI litigation* in an attempt to render itself judgment-proof before the estate could collect. *Barotz*'s only relevance is to show the kind of gamesmanship in which STOLI defendants will engage beyond concealing the identity of a liable party in an effort to render a claim untimely, as Judge Davis described in *Oristano*.

Defendants' remaining arguments have already been addressed in Plaintiffs' prior briefs.

*[Signature page follows]*

2

*/s/ Herbert Mondros*
Herbert W. Mondros, Esq. (#3308)
RIGRODSKY LAW, P.A.
1007 North Orange St., Suite 453
Wilmington, DE 19801
Tel.: (302) 295-5304
hwm@rl-legal.com

*Counsel for Plaintiff Estate of Norman Frank*
