IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF NORMAN FRANK, by its Executor, Harley Frank | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C. A. No. 23-cv-00584-JLH |
| GWG DLP MASTER TRUST DATED 03/01/06 and WELLS FARGO BANK, N.A., | ) ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (D.I. 8) for failure to state a claim. The case was reassigned to me after the parties completed briefing on the motion. The motion is GRANTED-IN-PART and DISMISSED-IN-PART without prejudice to refile, as set forth below.

1. The parties agree that the "First Cause of Action" in Plaintiff's Complaint alleges a claim under 18 Del. C. § 2704(b), which provides as follows: "If the beneficiary, assignee or other payee under any contract made in violation of [the Delaware insurable interest requirement] receives from the insurer any benefits thereunder accruing upon the death, disablement or injury of the individual insured, the individual insured or the individual's executor or administrator, as the case may be, may maintain an action to recover such benefits from the person so receiving them." 18 Del. C. § 2704(b). Defendants assert that the statute of limitations for such a claim is three years because a claim under § 2704(b) is an action "based on a statute" within the meaning of 10 Del. C. § 8106(a) or, alternatively, because a § 2704(b) claim is most analogous to common law claims like unjust enrichment and constructive trust, both of which have three-year limitations

periods.[1] Defendants further contend that Plaintiff's claim is barred because it was filed more than four years after the date the claim accrued, which, according to Defendants, was the date the insurance benefits were paid. (D.I. 9 at 6; D.I. 1-7 ¶ 74.)

2.  Plaintiff contends that a § 2704(b) claim is not subject to any statute of limitations because of the strong public policy against insurance policies that lack an insurable interest or, alternatively, because 10 Del. C. § 8106(a) does not apply. Plaintiff also offers yet another alternative argument that, notwithstanding the parties' agreement that the insurance proceeds in question were paid in 2019, the claim did not accrue until Plaintiff was appointed executor of the estate in 2023.

3.  The parties agree that the Delaware Supreme Court has never answered the question of what limitations period (if any) applies to a claim by an estate under § 2704(b). Other courts have suggested *in dicta* that such a claim is not subject to a limitations period,[2] but I think Defendants make a good argument that the claim is subject to the three-year limitations period in 10 Del. C. § 8106(a). The answer to this question appears to be dispositive of this case.[3] As it is

---

[1] Section 8106 provides, in pertinent part, that "no action based on a statute . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action." 10 Del. C. § 8106(a).

[2] *See Est. of Oristano by Tuchman v. Avmont, LLC*, No. N23C-04-258 EMD CCLD, 2024 WL 3876550, at *3 n.48 (Del. Super. Ct. Aug. 20, 2024) ("If the Court did address th[e] issue, . . . the Court would follow the reasoning in *Daher v. LSH Co.*, 2023 WL 4317029, at *2–3 (C.D. Cal. June 13, 2023). Under *Daher*, the Court would determine that the STOLI claim is not subject to 10 Del. C. § 8106 and that only the doctrine of laches could serve to block the Estate's claim against Westgate."); *Est. of Daher v. LSH Co.*, No. CV 21-03239 TJH (SK), 2023 WL 4317029, at *3 (C.D. Cal. June 13, 2023) ("[Section] 8106(a)'s statute of limitations does not apply to § 2704(b) claims.").

[3] The Court is not persuaded on this record that the claim did not accrue until the estate was opened (which the parties agree was in 2023). The Court is also not persuaded on this record that equitable tolling applies or that Delaware's Savings Statute, 10 Del. C. § 8118(a), applies.

a purely legal issue, it also appears to be a good candidate for certification to the Delaware Supreme Court, pursuant to Rule 41 of the Delaware Supreme Court Rules. Accordingly, IT IS HEREBY ORDERED that the parties shall meet and confer to discuss the following topics (in addition to any others the parties deem relevant): (1) whether the question is a good candidate for certification to the Delaware Supreme Court; (2) whether there are any facts relevant to answering the question, and if so, whether those facts are disputed; and (3) whether there are any other questions in the case that would benefit from the Delaware Supreme Court's guidance. IT IS FURTHER ORDERED that the parties shall meet and confer and agree upon the contents of (or set forth competing proposals for, in redline) a proposed Certification of Question(s) of Law for review by this Court prior to submission to the Delaware Supreme Court. Absent agreement of the parties and approval by the Court, the parties shall file the proposed Certification of Question(s) of Law for review by this Court on or before October 31, 2024, along with a cover letter that briefly summarizes any disputes regarding its contents.

4.  Defendant Wells Fargo Bank, N.A. also moves for dismissal of the claims against it on a separate basis. Wells Fargo contends that it is being sued only in its capacity as a trustee of the trust that received the insurance proceeds and that the § 2704(b) claim against it is therefore barred by the Delaware Statutory Trust Act, 12 Del. C. § 3803(b), (c).[4] Plaintiff does not appear

---

Plaintiff's "Second Cause of Action" essentially seeks a declaratory judgment that Defendants are "collaterally estopped" from litigating the issue of whether the policy had an insurable interest. Collateral estoppel is not an independent cause of action; it only comes into play with respect to Defendants' ability to defend against the § 2704(b) clam. If Plaintiff's § 2704(b) claim is time-barred, there is no remaining case or controversy between the parties to be resolved by a declaratory judgment.

[4] Section 3803(b) provides, in pertinent part, that "a trustee, when acting in such capacity, shall not be personally liable to any person other than the statutory trust or a beneficial owner for any act, omission or obligation of the statutory trust or any trustee thereof." 12 Del. C. § 3803(b).

to dispute that it has named Wells Fargo only in its capacity as a trustee of the trust that received the proceeds. (D.I. 1-1 ¶¶ 67, 69, 72–74, 94.) Wells Fargo was not the "payee" of the proceeds within the meaning of § 2704(b); the trust was. Nor does public policy dictate a different result, as Plaintiff contends. The trust that Plaintiff alleges received the death benefit—*i.e.*, the "payee"—is a separate legal entity from the trustee, 12 Del. C. § 3801(i), "may sue and be sued," 12 Del. C. § 3804, and can (and has) been named as a defendant in this case. Defendant Wells Fargo is therefore DISMISSED.

     5.     For the reasons set forth above, Defendants' Motion to Dismiss (D.I. 8) is GRANTED-IN-PART and DISMISSED-IN-PART.

     a.     The motion is GRANTED with respect to the request to dismiss the claims against Wells Fargo, N.A.

     b.     The remainder of the motion (pertaining to the statute of limitations) is DISMISSED without prejudice to refile after certification of the legal question to the Delaware Supreme Court.

September 26, 2024

                                            The Honorable Jennifer L. Hall
                                            UNITED STATES DISTRICT JUDGE

---

Section 3803(c) provides, in pertinent part, that "an officer, employee, manager or other person acting pursuant to [12 Del. C. § 3806(b)(7) or (i)], when acting in such capacity, shall not be personally liable to any person other than the statutory trust or a trustee or a beneficial owner for any act, omission or obligation of the statutory trust or any trustee thereof." 12 Del. C. § 3806(c).