IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ESTATE OF NORMAN FRANK, by its Executor, Harley Frank, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) C.A. No. 23-584-JLH<br>)<br>) |
| GWG DLP MASTER TRUST DATED 03/01/06, | )<br>)<br>) |
| Defendant. | ) |

**CERTIFICATION OF QUESTION OF LAW**

This 4th day of March 2025, the Court having found that:

**(1)     The nature and stage of the proceedings are:**

On May 18, 2023, the Estate of Norman Frank filed a Complaint in the Superior Court of the State of Delaware seeking under 18 Del. C. § 2704(b) to recover the proceeds of a previously sold life-insurance policy—one it alleges was made in violation of 18 Del. C. § 2704(a). (D.I. 1, Ex. A.)  Defendants GWG DLP Master Trust Dated 03/01/06 ("DLP Trust") and Wells Fargo Bank, N.A. ("Wells Fargo") removed the case to the United States District Court for the District of Delaware.  (D.I. 1.)

Defendants moved to dismiss the Complaint on the bases that (1) Wells Fargo is an inappropriate defendant for the § 2704(b) claim; and (2) the § 2704(b) claim is barred by the applicable statute of limitations.  On September 26, 2024, the court dismissed Wells Fargo, which left DLP Trust as the sole defendant.  (D.I. 28.)  Because the parties agreed that the Delaware Supreme Court has never answered the question of what limitations period (if any) applies to a claim by an estate under § 2704(b), and because the answer to that question appears to be dispositive of this case, the court suggested *sua sponte* that the question be certified to the

Delaware Supreme Court. (*Id.*) The parties subsequently submitted a proposed question for certification. (D.I. 34.)

   **(2)**  **The following facts are undisputed:**

A life insurance policy was taken out on the life of Norman Frank. The policy was subsequently sold. Norman Frank died in 2018. On February 19, 2019, non-party Principal Life Insurance Company paid $5,019,227.40 in death benefits under the policy to the then-beneficiary. On May 18, 2023, the Estate of Norman Frank filed a Complaint in the Superior Court of the State of Delaware to recover the death benefits under 18 Del. C. § 2704(b).

   **(3)**  **The question of law set forth below should be certified to the Supreme Court of Delaware for the following reasons:**

In its seminal decision in *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Tr., ex rel. Christiana Bank & Tr. Co.*, 28 A.3d 1059 (Del. 2011) ("*Price Dawe*"), the Delaware Supreme Court held that a life insurance policy lacking an insurable interest is void *ab initio* and can never be enforced by a court. *Price Dawe*, 28 A.3d at 1066–68. There, the Court concluded that an insurer could challenge the validity of a policy under 18 Del. C. § 2704(a) notwithstanding the expiration of the policy's contestability period. *Id.*

*Price Dawe* did not concern a challenge under § 2704(b). Unlike a challenge to a policy mounted by an insurer that has not paid the death benefits and seeks to avoid doing so (as in *Price Dawe*), a claim brought under 18 Del. C. § 2704(b) is usually filed by the estate of the decedent and seeks to recover death benefits that have already been paid to the downstream beneficiary of the policy. Some courts have suggested that 18 Del. C. § 2704(b) is not subject to a limitations

period.[1] On the other hand, 10 Del. C. § 8106(a) provides a three-year limitations period for causes of action "based on a statue."

The Delaware Supreme Court has never considered whether a claim under 18 Del. C. § 2704(b) is subject to the three-year limitations period set forth in 10 Del. C. § 8106(a). Guidance would be welcome.

**(4)** **The important and urgent reasons for an immediate determination by the Supreme Court of Delaware:**

The question presented is a pure question of law concerning a Delaware statute. The answer to the question is potentially dispositive of this case, as the Complaint here was filed more than three years after the death benefits were paid.

**(5)** **If certification is accepted, it is recommended that GWG DLP Master Trust Dated 03/01/06 be appellant for the purposes of the caption on any filings in the Supreme Court of Delaware and that the Estate of Norman Frank be appellee for the purposes of the caption on any filings in the Supreme Court of Delaware with respect to the question certified.**

NOW, THEREFORE, IT IS ORDERED that the following question of law is certified to the Supreme Court of Delaware for disposition in accordance with Rule 41 of the Supreme Court:

What is the statute of limitations, if any, applicable to a claim under 18 Del. C. § 2704(b)?

Dated: March 4, 2025

_____
Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[1] *See Est. of Oristano by Tuchman v. Avmont, LLC*, No. N23C-04-258 EMD CCLD, 2024 WL 3876550, at *3 n.48 (Del. Super. Ct. Aug. 20, 2024) ("If the Court did address th[e] issue, . . . the Court would follow the reasoning in *Daher v. LSH Co.*, 2023 WL 4317029, at *2–3 (C.D. Cal. June 13, 2023). Under *Daher*, the Court would determine that the STOLI claim is not subject to 10 Del. C. § 8106 and that only the doctrine of laches could serve to block the Estate's claim against Westgate."); *Est. of Daher v. LSH Co.*, No. 21-03239, 2023 WL 4317029, at *3 (C.D. Cal. June 13, 2023) ("[Section] 8106(a)'s statute of limitations does not apply to § 2704(b) claims.").

**List of counsel for the parties:**

Donald L. Gouge, Jr.
Donald L. Gouge, Jr., LLC
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899-1674
dgouge@gougelaw.com

Herbert W. Mondros
Rigrodsky Law, PA
300 Delaware Ave.
Suite 210
Wilmington, DE 19801
hwm@rl-legal.com

*Counsel for Plaintiff Estate of Norman Frank, by its Executor, Harley Frank*


Steven L. Caponi
Matthew B. Goeller
Megan E. Hunt
K&L Gates LLP
600 N. King Street
Suite 901
Wilmington, DE 19801
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.hunt@klgates.com

*Counsel for Defendant GWG DLP Master Trust Dated 03/01/06*